**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MARGARET M. REED,
        Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
CH-1221-13-1557-B-1

DATE: February 24, 2023

**THIS FINAL ORDER IS NONPRECEDENTIAL[1]**

Margaret M. Reed, Jupiter, Florida, pro se.

Demetrious A. Harris, Esquire, Dayton, Ohio, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the remand initial decision, which denied her request for corrective action in this individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        The Assistant Chief of Human Resources at the agency's Medical Center in Dayton, Ohio, issued the appellant, a GS-12 Human Resources Specialist at the same facility, an admonishment for disrespectful conduct.  *Reed v. Department of Veterans Affairs*, 122 M.S.P.R. 165, ¶ 4 (2015).  The appellant grieved the admonishment, but the agency denied her grievance.  *Id.*, ¶¶ 4-6.  The appellant then complained to the Medical Center Director that she had been admonished without due process and that the agency failed to follow the administrative grievance procedures.  *Id.*, ¶¶ 7-8.  Approximately 1 month later, the Chief suspended the appellant for 3 days based on three complaints that he recently received about the appellant from other agency officials.  *Id.*, ¶ 9.

¶3        The appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC).  *Id.*, ¶ 10.  OSC closed its file without taking corrective action, and the appellant filed a Board appeal.  *Id.*  The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction on the basis that the appellant failed to make a nonfrivolous allegation that she made a

protected disclosure. *Id.* The appellant petitioned for review, and the Board affirmed the initial decision as modified, finding that, although the appellant made a nonfrivolous allegation that she made a protected disclosure, she failed to make a nonfrivolous allegation that her disclosure was a contributing factor in a personnel action. *Id.*, ¶¶ 2, 11, 15-25. The Board also found that the appellant failed to make a nonfrivolous allegation that the agency perceived her as a whistleblower. *Id.*, ¶¶ 26-27.

¶4　　　The appellant appealed the Board's decision to the U.S. Court of Appeals for the Federal Circuit. *Reed v. Merit Systems Protection Board*, 611 F. App'x 719 (Fed. Cir. 2015). After reviewing the file, the Board determined that the appellant had, in fact, made a nonfrivolous allegation that at least one of her disclosures was a contributing factor in a personnel action. *Id.* At the Board's request, and with the appellant's concurrence, the court vacated the Board's decision and remanded the appeal to the Board for further proceedings. *Id.* The Board, in turn, remanded the appeal to the regional office for further adjudication. *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-13-1557-M-1, Remand Order (Sept. 25, 2015).

¶5　　　In its Remand Order, the Board found that the appellant made nonfrivolous allegations sufficient to establish jurisdiction over claims that she made protected disclosures in email messages she sent on June 22 and July 26, 2012, and in an August 29, 2012 meeting. *Id.*, ¶¶ 6-8. The Board further found that, by virtue of the knowledge/timing test, the appellant nonfrivolously alleged that those disclosures were contributing factors in the four personnel actions[2] at issue in this

---

[2] The appellant exhausted her administrative remedies before OSC regarding four alleged personnel actions: (1) the proposed 3-day suspension; (2) the decision to sustain the 3-day suspension; (3) the refusal to remove the admonishment from the appellant's personnel file; and (4) threats to discipline the appellant for meeting with the Medical Center Director. *Reed*, 122 M.S.P.R. 165, ¶ 14 & n.7; *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-13-1557-B-1, Remand File, Tab 11 at 3 n.4.

IRA appeal. *Id.*, ¶ 9; *see* 5 U.S.C. § 1221(e)(1) (providing that an employee may demonstrate that a disclosure was a contributing factor in a personnel action by showing that the official taking the action knew of the disclosure and that the action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor); *see also Linder v. Department of Justice*, 122 M.S.P.R. 14, ¶ 17 (2014) (finding that an interval of approximately 4 months satisfied the timing prong of the knowledge/timing test).

¶6        After holding a 2-day hearing, the administrative judge denied the appellant's request for corrective action, finding that she did not prove by preponderant evidence that her disclosures were protected. *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-13-1557-B-1, Remand File (RF), Tab 51, Remand Initial Decision at 14 (RID).  Regarding the appellant's June 22, 2012 email message, in which she complained about the disposition of her formal grievance, the administrative judge found that the appellant failed to demonstrate by preponderant evidence that a reasonable person in her position would believe that the information she disclosed evidenced an abuse of authority, a violation of law, rule, or regulation, or gross mismanagement.  RID at 8-13.  Concerning the appellant's July 26, 2012 email message and her August 29, 2012 meeting with the Director, in which the appellant raised essentially the same contentions regarding the grievance process, the administrative judge similarly found that a reasonable person in the appellant's position would not believe that the information she disclosed evidenced wrongdoing as set forth in 5 U.S.C. § 2302(b)(8).  RID at 12-13.

¶7        Thus, because she found that the appellant failed to establish by preponderant evidence that her disclosures were protected, the administrative judge found that the appellant failed to meet her burden of proving the merits of her IRA appeal and consequently denied her request for corrective action.  RID at 14-15.  In her petition for review of the remand initial decision, the appellant provides an exhaustive review of the evidence and contends that the record, as

well as the parties' joint stipulations,[3] indicate that her disclosures were protected and a contributing factor in the personnel actions at issue. *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-13-1557-B-1, Remand Petition for Review (RPFR) File, Tab 1 at 4. The appellant also challenges the administrative judge's ruling to deny one of her requested witnesses and accuses the administrative judge of "bias and careless workmanship." *Id.* at 5, 30-31. The agency responds in opposition to the appellant's petition for review, and the appellant provides a reply to the agency's response.[4] RPFR File, Tabs 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8    The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that: (1) she engaged in whistleblowing activity by making a protected disclosure, and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action. *Hugenberg v. Department of Commerce*, 120 M.S.P.R. 381, ¶ 9 (2013). In an IRA appeal, the standard for establishing subject matter jurisdiction and the right to a hearing is

---

[3] Regarding the appellant's contention that the parties' joint stipulations indicate that her disclosures were protected, RPFR File, Tab 1 at 4, the pleading that she designated below as "Joint Stipulations" does not bear the signature of the agency's representative, nor does it otherwise indicate that both parties agreed to the statement in the appellant's pleading, RF, Tab 29. Moreover, the appellant fails to point out where in the record the agency indicated its assent to her purported stipulations. In any event, the parties could not stipulate to the legal conclusion that the appellant's disclosures were protected. *See, e.g., Wilson v. Department of Homeland Security*, 122 M.S.P.R. 262, ¶ 11 (2015) (holding that parties may not stipulate to legal conclusions).

[4] In her reply to the agency's response, the appellant argues that the agency's response was untimely filed. RPFR File, Tab 4 at 4-5. The record reflects that the agency's response was due on September 24, 2016, and that the agency filed it at 9:57 a.m. on September 25, 2016. RPFR File, Tab 2 at 1, Tab 4. As the appellant correctly points out, the Board's regulations require that such late-filed pleadings be accompanied by a motion showing good cause for the untimely filing. RPFR File, Tab 4 at 5; 5 C.F.R. § 1201.114(g). Because the agency failed to submit the required motion, we have not considered its response.

an assertion of a nonfrivolous claim, while the standard for establishing a prima facie case is that of preponderant evidence. *MaGowan v. Environmental Protection Agency*, [119 M.S.P.R. 9](#), ¶ 5 (2012).

¶9        The essence of the administrative judge's analysis in this appeal is her finding that a reasonable person in the appellant's position as a Human Resources Specialist would not have believed that the information she disclosed evidenced an abuse of authority, gross mismanagement, or a violation of a law, rule, or regulation. RID at 10-13. The proper test for determining whether an employee had a reasonable belief that her disclosures revealed misconduct prohibited under the Whistleblower Protection Act (WPA) is this: could a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably conclude that the actions of the Government evidence wrongdoing as defined by the WPA?[5] *Mudd v. Department of Veterans Affairs*, [120 M.S.P.R. 365](#), ¶ 5 (2013). We agree with the administrative judge that the appellant failed to establish by preponderant evidence that she made a protected disclosure.

¶10        The administrative judge found that the appellant's June 22, 2012 email, in which she contended that the agency's case in support of the letter of admonishment was "based on dishonest evidence," did not contain any protected disclosures. The email did not disclose an abuse of authority. RID at 9-10. "Abuse of authority" occurs when there is an "arbitrary or capricious exercise of power by a federal official or employee that adversely affects the rights of any person or that results in personal gain or advantage to himself or to preferred other persons." *Mc Corcle v. Department of Agriculture*, [98 M.S.P.R. 363](#), ¶ 24 (2005) (quoting *Embree v. Department of the Treasury*, [70 M.S.P.R. 79](#), 85

---

[5] Because all relevant facts in this appeal occurred prior to December 27, 2012, the WPA, as clarified by the Whistleblower Protection Enhancement Act of 2012 (WPEA), applies to the appellant's claims. *See generally Day v. Department of Homeland Security*, [119 M.S.P.R. 589](#), ¶¶ 3, 7-26 (2013) (discussing the effective date of the WPEA, as well as its retroactivity).

(1995)).  The administrative judge found that the agency's record documented the appellant's disrespectful behavior towards her supervisor, amply demonstrating that she had engaged in the cited misconduct.  RID at 9-10.  The administrative judge further found no evidence that the supervisor admonished the appellant for personal gain or to adversely affect anyone's rights, consequently finding that the appellant failed to establish by preponderant evidence that she reasonably believed that her disclosure evidenced an abuse of authority.  RID at 10.

¶11    The administrative judge also found that the June 22, 2012 email did not disclose a violation of law, rule, or regulation because the appellant failed to show that the agency was required by its own rules to conduct any further fact finding regarding her grievance or to allow her to present her grievance orally, and the record did not reflect that the agency had denied her any required procedural protections.  RID at 10-11.  The administrative judge further found that the appellant's June 22, 2012 email message did not disclose gross mismanagement but instead reflected her conclusory disagreement with the agency's adjudication of her grievance.  RID at 11-12.  Because the appellant's July 26 and August 29, 2012 disclosures involved the same alleged wrongdoing as her June 22 disclosure, the administrative judge found that they also were not protected.  RID at 12-13.

¶12    On review, the appellant argues that the administrative judge based her findings on the evidence in the file supporting her admonishment, which she contends "has no bearing on the disclosures at issue within this case."  RPFR File, Tab 1 at 17-18.  We disagree.  The appellant's arguments all revolve around her basic contention that the misconduct on which the agency based the letter of admonishment simply did not happen.  In her own words, she "essentially disclosed that she had received an unfounded admonishment based on dishonest evidence and that this issue had been ignored and unaddressed within her grievances."  *Id.* at 11.  The administrative judge determined otherwise, finding that not only did the appellant's own statements support the agency's decision to

issue the letter of admonishment, but even the most favorable evidence to the appellant corroborated the agency's version of the events at issue. RID at 9-10.

¶13      We agree with the administrative judge. The appellant's insistence that the agency fabricated the evidence in support of her admonishment is not supported by the record. *Id.* Her contentions regarding the agency's grievance process also lack credibility. For example, we agree with the administrative judge that the appellant failed to establish that the agency was required to conduct further fact finding as the relevant agency policy only states that further fact finding may be warranted, not that it is required. RID at 11; *Reed v. Department of Veterans Affairs*, MSPB Docket No. CH-1221-13-1557-W-1, Initial Appeal File, Tab 4 at 64 of 70. Similarly, the appellant's insistence on review that the Director is the only person authorized to settle her grievance is unsupported in the record.[6] RPFR File, Tab 1 at 7; RF, Tab 13 at 177-94. Moreover, an employee's disagreement with an agency ruling or adjudication does not constitute a protected disclosure, even if that ruling was legally incorrect. *See O'Donnell v. Department of Agriculture*, 120 M.S.P.R. 94, ¶ 15 (2013), *aff'd*, 561 F. App'x 926 (Fed. Cir. 2014). Thus, we find that the administrative judge correctly denied the appellant's request for corrective action.

¶14      The appellant challenges the administrative judge's denial of one of her proffered witnesses. RPFR File, Tab 1 at 30-31. On review, the appellant contends that the witness could have spoken as to the appellant's reasonable belief in her purported whistleblowing disclosures. *Id.* By contrast, in her prehearing submissions, she asserted that the witness generally would testify in

---

[6] The agency's handbook does indicate that the facility Director will be the deciding official in a grievance filed by a Title 38 employee, which the handbook identifies as "physicians, podiatrists, chiropractors, optometrists, nurses, nurse anesthetists, physician assistants, expanded-function dental auxiliaries [appointed under 38 U.S.C. § 7401(1) and part-time registered nurses, including those with an intermittent duty basis, appointed under 38 U.S.C. § 7405(a)(1)(A)]." RF, Tab 13 at 195-96. As a Human Resources Specialist, the appellant is not a Title 38 employee, and these procedures do not apply to her.

support of the appellant's contentions, show that certain individuals in the organization did not like the appellant, and discuss an August 2012 email message advising employees to use the chain of command. RF, Tab 8 at 38. The record reflects that the administrative judge rejected the witness as immaterial. RF, Tab 11 at 7. The administrative judge has wide discretion under 5 C.F.R. § 1201.41(b)(8), (10) to exclude witnesses when it has not been shown that their testimony would be relevant, material, and nonrepetitious. *Franco v. U.S. Postal Service*, 27 M.S.P.R. 322, 325 (1985). The appellant has failed to show that the administrative judge abused her considerable discretion in this regard.

¶15    Finally, we reject the appellant's contentions of bias on the part of the administrative judge. RPFR File, Tab 1 at 31. In making a claim of bias or prejudice against an administrative judge, a party must overcome the presumption of honesty and integrity that accompanies administrative adjudicators. *Oliver v. Department of Transportation*, 1 M.S.P.R. 382, 386 (1980). An administrative judge's conduct during the course of a Board proceeding warrants a new adjudication only if the administrative judge's comments or actions evidence "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Bieber v. Department of the Army*, 287 F.3d 1358, 1362-63 (Fed. Cir. 2002) (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)). The appellant's allegations of bias fail to make this required showing.

¶16    Accordingly, we affirm the remand initial decision, finding that the administrative judge properly denied the appellant's request for corrective action.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your petition for

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                           /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.